**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KENNETH RAY HALL, SR.,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | No. 3:15-CV-3305-B |
| | ) | |
| **LORIE DAVIS, Director, TDCJ-CID,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and

Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions

Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28 U.S.C.

§ 2254.  Respondent Lorie Davis is Director of TDCJ-CID.

**II.  Background**

On November 13, 2009, Petitioner was convicted of two aggravated robbery charges.

*State of Texas v. Kenneth Ray Hall*, Nos. F-09-52103-M and F-09-71471-M (194th Dist. Ct.,

Dallas County, Tex., Nov. 13, 2009).  Petitioner was sentenced to forty-five years in prison in

each case, to run concurrently.

On August 7, 2012, Petitioner's convictions and sentences were affirmed on direct

appeal.  *Hall v. State*, Nos. 05-10-00086-CR and 05-10-00087 (Tex. App. – Dallas, 2012).  On

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -1-

March 6, 2013, the Texas Court of Criminal Appeals denied Petitioner's petitions for

discretionary review.  PDR Nos. 1315-12 and 1316-12.

On May 3, 2015, Petitioner filed two state habeas petitions.  *Ex parte Hall*, Nos. 26,360-

03, -04.  On August 5, 2015, the Texas Court of Criminal Appeals denied the petitions without

written order on the findings of the trial court.

On October 8, 2015, Petitioner filed the instant § 2254 petition for habeas relief.  He

argues:

(1)     The prosecutor violated *Brady* and committed misconduct;

(2)     He received ineffective assistance of counsel;

(3)     His conviction was obtain through evidence obtained in an unlawful search and

seizure and unlawful arrest;

(4)     Extraneous offense evidence was wrongly admitted; and

(5)     He is actually innocent.

On December 21, 2015, Respondent filed a preliminary response arguing the petition is

barred by limitations.  Petitioner did not file a reply.  The Court now finds the petition should be

dismissed as time-barred.

## III.  Discussion

### A.     Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA

governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L.

Ed. 2d 481 (1997).  The AEDPA establishes a one-year statute of limitations for federal habeas

proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired.  28 U.S.C. § 2244(d)(1)(A).[1]

On March 6, 2013, the Texas Court of Criminal Appeals denied Petitioner's petitions for discretionary review.  The convictions became final ninety days later, on June 4, 2013.  *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues).  Petitioner then had one year, or until June 4, 2014, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations.  *See* 28

---

[1]The statute provides that the limitations period shall run from the latest of--

> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

U.S.C. § 2244 (d)(2).  On May 3, 2015, Petitioner filed his state habeas petitions.  These petitions were filed after the AEDPA limitations period expired.  The petitions therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by June 4, 2014.  He did not file his petition until October 8, 2015.  His petition is therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner states he is entitled to equitable tolling because he did not understand the law, he cannot read or write, and he did not have transcripts of his trial.  These claims, however, do not entitle Petitioner to equitable tolling.  *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding ignorance of the law, lack of knowledge of filing deadlines, a prisoner's pro se status, illiteracy, deafness, and lack of legal training claims do not support equitable tolling of the AEDPA statute of limitations).  Petitioner has failed to show he was

misled by the state or prevented in some extraordinary way from asserting his rights.  His claim for equitable tolling should be denied.

## C.    Actual Innocence

Petitioner argues he should be excused from the limitations period because he is actually innocent.  The Supreme Court has recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013).  A petitioner who claims actual innocence, however, must submit new evidence showing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

Here, Petitioner states he has new evidence that the victims never positively identified him.  Petitioner, however, has not submitted any such evidence.  Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

## IV.  Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 16th day of November,  2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided

by law. Any party who objects to any part of this report and recommendation must file specific

written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED.

R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the

place in the magistrate judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the

magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved

party from appealing the factual findings and legal conclusions of the magistrate judge that are

accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).